IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **06 CV 02865** |
| v. | ) | **Magistrate Judge Cole** |
| | ) | |
| FEDERAL RENT-A-FENCE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

### I.
### INTRODUCTION

On May 23, 2006, Susan Carter filed a three-count complaint against Federal arising from an automobile accident some years earlier involving a truck driven by Charles L. Smith, an employee of Federal. Count I alleges negligence, Count II alleges negligent entrustment, and Count III alleges "wilful, wanton entrustment, hiring & supervision." Jurisdiction is bottomed on diversity of citizenship. Federal filed an answer to Count I, and a motion to dismiss Counts II and III (Docket Entry (D.E.) 14 and 15) pursuant to Rule 12(b)(6) of the Rules of Civil Procedure. The underlying theory of the motion is that the complaint fails to contain "either direct or inferential allegations concerning all material elements necessary for recovery under the relevant legal theory." (Motion to Dismiss at ¶ 8). Whatever force the argument might have in a fact-pleading jurisdiction, *Maness v. Santa Fe Park Enterprises*, 298 Ill.App.3d 1014, 700 N.E.2d 194 (1st Dist. 1998); *Hansen v. Mohegan Fire Co.*, 2001 WL 1249945 at * 22 (Conn. Supr. 2001), it has little under notice pleading in the federal system – especially as interpreted in this Circuit. For the reasons below, the motion is granted as to Count II, and it is denied as to Count III.

## II.
## THE REQUIREMENTS FOR DISMISSAL UNDER RULE 12(b)(6)

Rule 12(b)(6) allows for the dismissal of a count of a complaint for failure to state a claim upon which relief can be granted. A complaint must allege sufficient facts to provide concrete notice of the alleged wrongdoing and, putting conclusory allegations aside, "'a reasonably founded hope that the [discovery] process will reveal relevant evidence.'" *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005)(brackets in original). Under Rule 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, and it must draw all reasonable inferences in favor of the plaintiff. *Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 645 (7th Cir. 2006). Legal conclusions need not be accepted as true. *County of McHenry v. Insurance Company of the West*, 438 F.3d 813, 819 (7th Cir. 2006); *Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005). A complaint should only be dismissed if there is no set of facts, even hypothesized, that could entitle a plaintiff to relief. *Massey*, 464 F.3d at 645; *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901-02 (7th Cir.2004).

In a recent series of opinions, the Seventh Circuit has reminded Bench and Bar alike that under federal notice-pleading a plaintiff need only allege a recognized claim. *See, e.g., Hefferman v. Bass*, 467 F.3d 596, 600 (7th Cir. 2006); *Kolupa v. Roselle Park District*, 438 F.3d 713, 713 (7th Cir. 2006); *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005). Indeed, the Court of Appeals has cautioned "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law requires a complaint to contain that allegation?" *Doe*, 429 F.3d at 708. (Parenthesis in original). *Accord Simpson v. Nickel*, 450 F.3d 303, 305-306 (7th Cir. 2006).

By adopting a notice-pleading system, the federal courts allow plaintiffs "to dispense with the need to identify, and plead specifically to, each ingredient of a sound legal theory." *Id.* " It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate. A full narrative is unnecessary." *Kolupa*, 438 F.3d at 713 (Parenthesis in original). Since *Kolupa,* the Seventh Circuit has made clear that it intends to make good on its promise to reverse any dismissals that have been improperly granted. *See, e.g., Pratt v. Tarr*, 464 F.3d 730, 731 (7th Cir. 2006) (Posner, J.).[1] The pleading requirement advanced by the plaintiff is inconsistent and incompatible with the recent and uniform decisions of the Seventh Circuit.[2] Thus, it is enough if Ms. Carter has pled a recognized claim under Illinois law in a way that puts Federal on notice of the claims against which it has to defend. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957); Charles E. Clark, *Pleading Under The Federal Rules*, 12 Wyo.L.J. 177, 181 (1958).

---

[1] In *Pratt*, Judge Posner intimated that district court judges that rely on Seventh Circuit precedent suggesting that more is required of a complaint do so at their peril. There, the district court dismissed a complaint on the strength of *Ortloff v. United States*, 335 F.3d 652 (7th Cir. 2003), which required a plaintiff to plead certain specific allegations. While *Ortloff* was issued in 2003, Judge Posner distinguished the holding, in part, as relying on *Martin v. Davies*, 917 F.2d 336 (7th Cir.1990), which had been decided before the Supreme Court, in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993), made emphatically clear that federal courts are not to supplement the list in Rule 9(b) of the Federal Rules of Civil Procedure of claims that must be pleaded with particularity. *Pratt,* 464 F.3d at 731.

[2] It remains to be seen whether the Supreme Court's anticipated decision in *Bell Atlantic Corp. v. Twombly* (05-1126) – which was argued earlier this term – will affect the Seventh Circuit's present interpretation of Rules 8(a) and 12(b)(6) in non-antitrust cases. The specific issue presented for review in *Bell Atlantic* was whether parallel conduct together with a conclusory allegation of conspiracy is sufficient to state a claim under §1 of the Sherman Act.

### III.
### DISCUSSION

#### A.
#### Count II (Negligent Entrustment) Should Be Dismissed

In its answer to Count I, Federal admits that Mr. Smith was its employee and was working within the scope of his employment when the collision occurred. The parties agree that under Illinois law, a negligent entrustment claim must be dismissed as duplicative when an employer admits the allegedly negligent actor was its employee working within the scope of his employment. *Gant v. L.U. Transport, Inc.*, 770 N.E.2d 1155, 1160, 331 Ill.App.3d 924, 929–30 (1st Dist. 2002); (Response, at ¶ 2). Therefore, Federal's Motion to Dismiss Count II is granted.

#### B.
#### Count III ("Wilful, Wanton Entrustment, Hiring & Supervision") Are Recognized Claims In Illinois

Count III alleges "Wilful, Wanton Entrustment, Hiring & Supervision." Although set forth in one count, the claims – to the extent they have validity – would seem to be three distinct theories of recovery and should have been pled in separate counts. *See* Rule 10(b), Federal Rules of Civil Procedure.[3] The three cases cited by Ms. Carter, *Pelczynski v. J.W. Peters & Sons*, Inc., 178 Ill.App.3d 882, 533 N.E.2d 1137 (2nd Dist. 1989); *Platson v. NSM, America, Inc.*, 322 Ill.App.3d 138, 748 N.E.2d 1278 (2nd Dist. 2001); and *Van Horne v. Muller*, 185 Ill.2d 299, 705 N.E.2d 898 (1998), do not directly support her contention that the claims are recognized in Illinois.

*Pelczynski* was a negligent entrustment case, and *Platson* involved a claim for negligent supervision. Neither case discusses the existence of willful and wanton supervision, entrustment,

---

[3] Based on Ms. Carter's response to the motion to dismiss, it appears, that she intended to plead three separate claims in Count III: (1) willful and wanton entrustment, (2) willful and wanton supervision, and (3) willful and wanton hiring.

4

or hiring. In *Van Horne* the plaintiff contended that he was defamed by an employee of the defendant radio station. Liability was premised on theories of: (1) negligent hiring, (2) reckless hiring, (3) negligent supervision and retention, and (4) reckless supervision and retention. The Circuit Court of Cook County dismissed all the counts for failure to state a cause of action. The Illinois Appellate Court reversed, finding that physical injury was not a prerequisite to recovery. That court treated reckless and negligent as essentially different formulations of the three separate causes of action.[4]

The Illinois Supreme Court found it unnecessary to decide whether a physical injury was essential to a negligent hiring, retention, or supervision claim since the allegations of the complaint were insufficient to establish the necessary relationship between the injury suffered by the plaintiff and the employee's alleged unfitness, which consisted of prior outrageous conduct not involving defamation. 705 N.E. 2d at 905. Thus, it reversed that aspect of the appellate court's opinion that had reversed the dismissal by the circuit court of the counts for negligent and reckless hiring, supervision and retention. *Id. Cf. Boyce v. Fernandes*, 77 F.3d 946, 951 (7th Cir. 1996).

---

[4] Here is what the appellate court said:

" Negligent and/or reckless hiring, supervision, and retention are distinct causes of action. A cause of action for negligent hiring alleges that: (1) an employer knew or should have known that the employee had a particular unfitness for the position so as to create a danger of harm to third persons, (2) the unfitness was known or should have been known at the time of hiring, and (3) the unfitness proximately caused the claimed injury. [citations omitted]. Negligent supervision alleges that: (1) an employer had a duty to supervise its employees, (2) the employer negligently supervised an employee, and (3) such negligence proximately caused the plaintiff's injuries. [citations omitted]. Negligent retention alleges that: (1) an employer knew or should have known that the employee had a particular unfitness for the position so as to create a danger of harm to third persons, (2) the employer retained the employee in his or her employment even after the employer knew or should have known about the unfitness, and (3) the unfitness proximately caused the claimed injury. [citations omitted]. An action for negligent hiring may be brought even where the employee's conduct occurred outside the scope of his or her employment. *Johnson*, [citation omitted] The rationale behind this theory is that in an action alleging negligent hiring, the proximate cause of the plaintiff's injuries is the employer's failure to exercise reasonable care in hiring the employee, rather than the wrongful conduct of the employee." *Van Horne v. Muller*, 294 Ill.App.3d 649, 656, 691 N.E.2d 74,79 (1st Dist. 1998).

Although the authorities on which the plaintiff relies do not answer the question of whether Count III states claims under Illinois law, an analysis of the concept of willful and wanton behavior as defined by the Illinois courts leads to the conclusion that it does.

## 1.
### The Complaint States A Claim For Willful And Wanton Entrustment

In Illinois, "[w]illful and wanton misconduct is essentially an aggravated form of negligence – a hybrid between conduct considered negligent and conduct considered intentionally tortious." *Sparks v. Starks*, 367 N.E.2d 834, 856 N.E. 2d 575, 577-578 (Ill. App. Ct. 2006). *See also American National Bank & Trust Co. v. City of Chicago*, 192 Ill.2d 274, 285, 735 N.E.2d 551, 557 (2000); *Manuel v. Red Hill Community Unit School Dist. No. 10 Board of Ed*, 324 Ill.App.3d 279, 288, 754 N.E.2d 448, 457 (5th Dist. 2001); Illinois Pattern Jury Instructions §14.01 (2006). *See also Boyce v. Fernandes*, 77 F.3d 946, 951 (7th Cir. 1996)(Posner, J.)("True, the precise force of the term "willful and wanton" in the law of Illinois is unclear. It may be little stronger than negligence.").

Illinois recognizes a claim for willful and wanton entrustment. *See, e.g., Lang v. Silva*, 306 Ill.App.3d 960, 715 N.E.2d 708, 718 (1st Dist. 1999); *Richards v. Checker Taxi Co., Inc.*, 168 Ill.App.3d 154, 522 N.E.2d 650, 651 (1st Dist. 1988). In *Lang*, the court distinguished between the torts of negligent entrustment and willful and wanton entrustment. To prove the latter, the plaintiff must demonstrate that the defendant's act of entrusting the article to another is "'a course of action which shows actual or deliberate intention to harm, or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others.'" 715 N.E..2d at 975 (quoting Illinois Pattern Jury Instructions, Civil, No. 14.01 (2d ed. Supp. 1981)); *Richards*, 522 N.E.2d at 651-52.

*See also Barth v. Massa*, 201 Ill.App.3d 19, 558 N.E.2d 528 (5th Dist. 1990). The difference is simply one of degree of misconduct. *Lang*, 715 N.E.2d at 718; *Richards*, 522 N.E.2d at 652.[5]

The Illinois Appellate Court's discussion in *Gant, supra,* why a claim for negligence and negligent entrustment are essentially duplicative (where they involve an employee acting within the scope of his employment) explains why claims for willful and wanton entrustment and negligent entrustment are not:

> The doctrine of respondeat superior and the doctrine of negligent entrustment are simply alternative theories by which to impute an employee's negligence to an employer. Under either theory, the liability of the principal is dependent on the negligence of the agent. If it is not disputed that the employee's negligence is to be imputed to the employer, there is no need to prove that the employer is liable. Once the principal has admitted its liability under a respondeat superior theory, such as in the instant case, the cause of action for negligent entrustment is duplicative and unnecessary. To allow both causes of action to stand would allow a jury to assess or apportion a principal's liability twice. The fault of one party cannot be assessed twice, regardless of the adoption of comparative negligence.

770 N.E.2d at 1160. *See also Thompson v. Northeast Illinois Regional Commuter R.R. Corp.*, 854 N.E.2d 744, 747-748 (1st Dist. 2006).

To allow a cause of action for willful and wanton entrustment to coexist with a claim for negligence that is based upon *respondeat superior* would not allow a jury to assess or apportion a principal's liability twice for the same degree of fault. A claim for willful and wanton behavior is based on a level of fault attributable to the employer that differs from the mere negligence of the employee. *Ledesma by Ledesma v. Cannonball, Inc.,* 182 Ill.App.3d 718, 726, 538 N.E.2d 655, 660 (1st Dist. 1989). The Illinois Supreme Court explained the distinction in *Lockett v. Bi-State Transit Authority*, 94 Ill.2d 66, 445 N.E.2d 310 (1983):

---

[5] This is simply a particular application of the overarching principle that pretty much all law is a matter of degree. *LeRoy Fibre Co. v. Chicago, Milwaukee & St. P. Ry.*, 232 U.S. 340, 354 (1914)(Holmes, J., concurring); *State of La. ex rel Francis v. Resweber*, 329 U.S. 459, 471 (1947)(Frankfurter, J., concurring).

In cases involving wilful and wanton entrustment, however, the analysis necessarily differs from that of negligent entrustment. Unlike the situation in negligent-entrustment cases, where the misconduct of the defendant-principal is of the same level of culpability as that of the tortfeasor-agent, defendants-principals may be found guilty of wilful and wanton misconduct even though the tortfeasors-agents to whom the instrumentality causing the injury was entrusted may have been only negligent. Furthermore, while contributory negligence by the plaintiffs would [formerly] bar recovery in actions for negligent entrustment, it would not preclude recovery when the defendants were guilty of wilful and wanton misconduct. Consequently, the necessity of proof of the defendant-principal's misconduct in connection with wilful-and-wanton-entrustment actions is not eliminated simply because that party acknowledges an agency relationship with the tortfeasor.

Id. at 314. So, here, the plaintiff's willful and wanton entrustment count is a claim separate and apart from her *respondeat superior* count: the former depends not merely on the negligence of the employee but upon the heightened level of culpability of the employer, which would allow for the recovery of punitive damages – something that the mere negligence of the employee is insufficient to sustain.

The defendant, however, contends that the plaintiff has failed to adequately allege this claim since the plaintiff has simply adopted the allegations of her negligence claim and added that conclusion that the defendant acted willfully and wantonly. (Motion to Dismiss at ¶ 15-17). While this is essentially true, it does not warrant the dismissal of the count since under the liberal pleading standards in this Circuit a complaint need not allege facts corresponding to each "element" of a claim. *Doe*, 429 F.3d at 708. As Judge Easterbrook stressed in *Doe*, plaintiffs need not plead facts; they need not plead law; they plead claims for relief. Thus, a complaint suffices if any facts consistent with its allegations, and showing entitlement to prevail, could be established by affidavit or testimony at a trial. *Id.* That is the case here; the plaintiff has not pleaded herself out of court; and none of the complaint's allegations shows that the defendant is sure to succeed. *See Doe*, 429

F.3d at 708.  To be sure, however, plaintiff will have to prove quite a bit that she has not pleaded but, as the Seventh Circuit stated, "that's common."  *Id.*

Ultimately, the question is whether an allegation for willful and wanton behavior is a legal conclusion.  If it is, it fails to give adequate notice. *See* Christopher M. Fairman, *The Myth of Notice Pleading*, 45 Ariz.L.Rev. 987, 999 (2003).  Some courts have held it is, *see, e.g., Cloaninger ex rel. Estate of Cloaninger v. Wheeler*, 2006 WL 2645129 at *2 (W.D.N.C. 2006); *Hazle v. Southern Pacific Co.*, 173 F.431, 432 (D.Ore. 1909), although they did not explain the result. *Cf. Szmaj v. AT&T*, 291 F.3d 955, 956 (7th Cir. 2002)(Posner, J.)(where a case contains only a conclusion with no discussion it is "weak authority").  Of course, what constitutes adequate notice under Rule 8(a) is a function of the complexity of the case. *See* 5 Wright and Miller, Federal Practice and Procedure, §1218 at 273 ("The appropriate level of generality for a pleading depends on the particular issue in question or the substantive context of the case before the court.").

Claims for negligence resulting in a car crash admit of very generalized pleading. *See* Form 9, Appendix of Forms to the Federal Rules of Civil Procedure.  By contrast, complex cases may require greater factual elaboration in order to provide the requisite notice.  While the inquiry here is not totally free from doubt, in light of the appropriately pled negligence counts--which, give adequate notice to Federal--it cannot be said that an allegation of willful and wanton hiring, retention, and supervision resulting in the crash fails to provide sufficient notice of the claim, or that sustaining Count III will result in the kind of protracted, expensive, and unrelated discovery that can occur where a bare-bones complaint is allowed to proceed.

## 2.
## The Complaint States A Claim For Willful And Wanton Hiring

Although the plaintiff has failed to cite any cases supporting the existence of a claim for willful and wanton hiring under Illinois law, several cases either recognize or suggest that it exists. In *Easley v. Apollo Detective Agency, Inc.*, 60 Ill.App.3d 920, 387 N.E.2d 1241 (1st Dist. 1979), the court recognized that it was settled law that a cause of action exists in Illinois for negligent hiring of an employee, and that if the defendant's conduct could properly be characterized as willful and wanton then punitive damages are recoverable. 387 N.E.2d at 1248. *See also Hobert v. Covenant Children's Home*, 309 Ill.App.3d 640, 723 N.E.2d 384, 385 (3rd Dist. 2000)(reversing trial court dismissal of willful and wanton hiring, supervising, and retaining claim as time-barred, although not commenting on viability of the cause of action); *Cavarretta v. Department of Children and Family Services*, 277 Ill.App.3d 16, 660 N.E.2d 250, 254 (2nd Dist. 1996)(school district may be liable for the willful and wanton hiring of someone who is unfit for a teaching job).

The defendant's problem with the claim, however, is the plaintiff's failure to plead sufficient facts in support of her claim. That level of pleading might be required of plaintiffs in Illinois state courts but, as already discussed, *supra*, it is not in this Circuit, at this time. *See* discussion in Part 2, *supra.* Proof, as always, will be another matter. *Doe*, 429 F.3d at 708.

### 3.
### The Complaint States A Claim For Willful and Wanton Supervision

Of course, there is no cause of action for intentionally wrongful retention, training or supervision. Where a third person is injured as a consequence of an intentional act of an employee acting through what in effect is the instrumentality of an employee, the employer is directly not vicariously liable, and any claim based on a *respondeat superior* theory is entirely "redundant." *See Arnold v. Janssen Pharmaceutica*, Inc., 215 F. Supp. 2d 951, 958 (N.D. Ill. 2002)(Gottschall, J.).

10

But, as defined by the Illinois courts, willful and wanton behavior differs from intentional conduct – as imprecise and difficult as the distinction may be.

While Ms. Carter has not identified any cases supportive of her position that a claim for willful and wanton supervision exists under Illinois law, the underlying rationale of *Lockett v. Bi-State Transit Authority*, 445 N.E.2d 310 (1983) supports the existence of such a claim as surely as it does a claim for willful and wanton entrustment. There is no separate and independent tort of willful and wanton misconduct in Illinois. *Sparks*, 566 N.E.2d at 578. To plead a cause of action for willful and wanton conduct, the plaintiff must allege the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, an injury proximately caused by the breach, and an indifference to or conscious disregard for the welfare of the plaintiff. *Kurczak v. Cornwell*, 359 Ill.App.3d 1051,1060, 835 N.E.2d 452, 460 (2nd Dist. 2005). Since Illinois recognizes causes of action for negligent hiring, retention, and supervision, it follows that there can be a willful and wanton breach of those separately existing duties.

Judge Gettleman has held – although without extended discussion – that claims for willful and wanton supervision do exist under Illinois law. *See, e.g., Peck v. West Aurora School District 129*, 2006 WL 2579678 at *7 (N.D.Ill. 2006); *Moore v. Board of Education of the City of Chicago*, 300 F.Supp.2d 641, 644 (N.D.Ill. 2004). Cases from other jurisdictions have recognized the existence of the claim. *See Smith v. Board of Corrections*, 133 Idaho 519, 988 P.2d 1193 (1999); *Hansen v. Mohegan Fire Co.*, 2001 WL 1249945 at *19-20 (Conn. Supr. 2001)(collecting cases).

## CONCLUSION

For the foregoing reasons, defendant's motion [#14, 22] is GRANTED in part and DENIED in part.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 1/4/07